25CA1684 Marriage of Ahrenholtz 08-13-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1684
Jefferson County District Court No. 23DR31316
Honorable Andrew Poland, Judge

In re the Marriage of

Matthew Scott Ahrenholtz,

Appellee,

and

Laura Cecilia Ahrenholtz,

Appellant.

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE MOULTRIE
Grove and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 13, 2026

Matthew Scott Ahrenholtz, Pro Se

Van Horn Family Law, PC, William Van Horn, Rachel Stokowski, Bethany A. Harrell, Alyssa D. Dahl, Littleton, Colorado, for Appellant

¶ 1     In this dissolution of marriage case between Matthew Scott Ahrenholtz (husband) and Laura Cecilia Ahrenholtz (wife), wife appeals the portion of the district court's judgment dividing the marital estate.  We affirm.

I.     Relevant Facts

¶ 2     The parties executed a partial separation agreement, in which they waived maintenance and agreed to no child support.  They also resolved many issues concerning the division of their marital estate.

¶ 3     Then, after a hearing, the district court dissolved the marriage and entered permanent orders resolving the remaining disputes concerning property division.  In doing so, the court set aside $12,000 from husband's 401(k) account as his separate property and divided the marital estate as follows:

|  | Wife | Husband |
|---|---|---|
| Real Estate | $1,451,071 | $761,811 |
| Bank Accounts | $108,651 | $27,250 |
| Investments | $10,413 | $67,047 |
| Retirement Accounts | $930,519 | $1,697,237 |
| Vehicles | $14,600 | $42,014 |

| | | |
|---|---|---|
| Life Insurance | $17,953 | $20,899 |
| Personal Property | $42,000 | $6,500 |
| Debts | ($1,980) | ($28,477) |
| TOTAL | $2,573,227 | $2,594,281 |

## II.    Property Division

¶ 4    Wife contends that the district court reversibly erred in multiple respects when it divided the marital estate.  We address and reject her contentions.

### A.    Standard of Review

¶ 5    We won't disturb a district court's allocation of the marital estate unless it is shown that the court abused its discretion.  *In re Marriage of Medeiros*, 2023 COA 42M, ¶ 28.  A court abuses its discretion when it acts in a manifestly arbitrary, unreasonable, or unfair manner, or it misapplies the law.  *Id.*; *see also Hall v. Moreno*, 2012 CO 14, ¶ 54 (explaining that, when reviewing a court's discretionary decision, we consider whether the decision fell within the range of reasonable options).

### B. Overall Division of the Marital Estate

¶ 6     Wife argues that the district court erred by allocating her "substantially less than half of the marital estate." We aren't persuaded.

### 1. Applicable Law

¶ 7     The district court has great latitude to equitably divide the marital estate in such proportions as it deems just based on the facts and circumstances of the case. *See* § 14-10-113(1), C.R.S. 2025; *Medeiros*, ¶ 28. Although the marital division must be equitable, it need not be equal. *In re Marriage of Wright*, 2020 COA 11, ¶ 3. To achieve an equitable division, the court considers "all relevant factors." § 14-10-113(1). "The key to an equitable distribution is fairness, not mathematical precision." *In re Marriage of Gallo*, 752 P.2d 47, 55 (Colo. 1988).

### 2. Analysis

¶ 8     At the hearing, husband proposed a disproportionate allocation of the marital estate, in which he received over $50,000 more than wife. He argued that this allocation was equitable because wife could assume the mortgage on the marital home and, as a result, would be paying significantly lower monthly interest

payments after the divorce. Specifically, he testified that under that mortgage, which had an interest rate of 2.25%, wife was only paying $460 in monthly interest; in contrast, the interest portion of the monthly payment on his home, which had an interest rate of 7.37%, was almost $5,000.

¶ 9 Wife agreed that husband should receive a greater share of the marital estate, but she proposed allocating him only $7,750 more than what was allocated to her.

¶ 10 The court divided the marital estate and initially allocated husband approximately $7,850 more than wife. However, husband informed the court that it had allocated to wife a Bank of America account containing $13,200 that, under the terms of their partial separation agreement, they had agreed to use to pay for the expenses of a jointly owned rental home until they could sell it.

¶ 11 The court removed that account from its allocation but declined to otherwise amend its property division. The court explained that it had "spent a significant amount of time" considering how to allocate the estate "as close as possible" and that "while this [was] not mathematically equal[,] because of the

reduced interest rate that wife pays, . . . ultimately, this [was] still an equitable division."

¶ 12 Wife highlights that, after the court removed the Bank of America account, she received over $21,050 less of the marital equity than the amount allocated to husband. Wife doesn't contest the removal of this account but argues that the resulting disparity in their shares of the marital estate was inequitable. However, the court still allocated wife $2,573,227 from the marital estate. That is, she received 49.8% of the $5,167,508 marital estate. The court didn't need to effectuate an equal division, and the difference between each party's share of the marital estate was minor in light of the estate's total value. *See id.*

¶ 13 Wife also argues that, before the court excluded the Bank of America account from its allocation, it failed to make any findings that explained the disproportionate allocation. But, at the hearing, wife agreed that husband should receive a greater share of the marital estate, and the court's initial allocation resulted in an overall division of marital equity that was substantially similar to the amount proposed by wife.

¶ 14    Then, after the court removed its allocation of the Bank of America account, the court explained that an allocation slightly more in husband's favor was equitable, noting that wife would pay significantly less each month for her mortgage interest payments. *See* § 14-10-113(1)(c) (identifying the parties' economic circumstances as a relevant factor when dividing the marital estate); *see also In re Marriage of Smith*, 2024 COA 95, ¶ 71 (explaining that the court doesn't need to make specific findings as to each factor so long as its findings are sufficient to allow us to determine whether its decision is supported by competent evidence). Indeed, husband explained that wife's ongoing monthly interest payments were almost $4,500 less than his. The court thus considered and made findings on the relevant circumstances, weighed the conflicting evidence, and determined, with record support, an equitable allocation of the marital estate. *See Smith*, ¶ 67 ("[I]t was within the court's sound discretion to weigh the relevant factors and determine an equitable allocation of the marital estate.").

¶ 15    To the extent wife further argues that the court's allocation was inequitable after she agreed to not seek maintenance and child

support, we disagree. The record reveals, and wife does not contest, that she freely and voluntarily waived any request for maintenance and child support. The record further reveals that wife's gross income was over $20,000 per month and that she received $2,573,227 of the marital equity. Although husband's income exceeded wife's income, each party had significant financial resources, and they acknowledged in the partial separation agreement that any support obligation would be minimal.

¶ 16     The court therefore acted within its discretion by allocating the marital estate slightly in favor of husband. *See In re Marriage of Hunt*, 909 P.2d 525, 538 (Colo. 1995) ("[A]n appellate court must not disturb the delicate balance achieved by the [district] court in [its] division of property . . . unless there has been a clear abuse of discretion.").

   C.    Wife's Personal Property and Husband's Separate Property

¶ 17     Wife next contends that the district court erred by (1) finding that her personal property had a marital value of $42,000; (2) including within her marital personal property an engagement ring and other jewelry, which she argued were her separate property;

7

and (3) setting aside $12,000 from husband's 401(k) account as his separate property.  We discern no reversible error.

¶ 18    Even if we were to assume, without deciding, that the court erred, an error in the court's property division is reversible only when the aggregate effect of the errors affects the parties' substantial rights.  *See* C.A.R. 35(c); *In re Marriage of Balanson*, 25 P.3d 28, 36 (Colo. 2001).  Errors that impact only a small percentage of the overall marital estate are harmless and don't justify reversal.  *See Balanson*, 25 P.3d at 36.

¶ 19    The purported errors concerning wife's personal property and husband's separate property total, at most, $54,000.  That represents approximately 1% of the $5,167,508 marital estate. Such purported errors, individually or collectively, comprise a percentage of the marital estate that is too small to warrant reversing the court's judgment.  *See* C.A.R. 35(c); *Balanson*, 25 P.3d at 38 (indicating that property division errors affecting less than two percent of the marital estate are harmless).  And wife doesn't otherwise explain how her substantial rights were prejudiced by the court's purported errors.  *Cf. People in Interest of A.C.*, 170 P.3d

844, 845 (Colo. App. 2007) (stating that an alleged error, without a valid allegation of prejudice, is not grounds for reversal).

¶ 20 Absent a showing of prejudice, these purported errors don't establish a basis to reverse the court's property division.

### III. Appellate Attorney Fees and Costs

¶ 21 Husband requests an award of attorney fees and costs, arguing that wife's appeal lacked substantial justification. *See* C.A.R. 38(b); C.A.R. 39.1; § 13-17-102(4), C.R.S. 2025. In support of his request, husband points to the fact that wife's appeal concerns a de minimis amount of a several million dollar estate and asserts that wife has engaged in vexatious post-decree conduct that has "required repeated court involvement and wasted judicial resources."

¶ 22 An award of fees and costs as a sanction is appropriate only in clear and unequivocal cases of egregious conduct where no rational argument is presented. *See Glover v. Serratoga Falls LLC*, 2021 CO 77, ¶ 70; *In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 53. Although it's a close call, we aren't persuaded that wife's appeal lacked substantial justification. We therefore deny husband's request.

¶ 23     However, appellate costs are awarded to husband in accordance with C.A.R. 39(a)(2).

## IV.   Disposition

¶ 24     The judgment is affirmed.

JUDGE GROVE and JUDGE GOMEZ concur.